IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DIANA AGHDAM, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-1566 |
| | § | |
| ALVIS, INC. | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Alvis, Inc. ("Alvis"), through its counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this notice of removal from the Court of Common Pleas, Allen County, in Lima, Ohio, to the United States District Court for the Northern District of Ohio, Western Division, on the following grounds:

### I.  Introduction

1. On or about July 6, 2021, Plaintiff filed a Civil Complaint in the Court of Common Pleas, Allen County, in Lima, Ohio, captioned *Diana Aghdam v. Alvis, Inc.*, Case No. CV 2021 0191. Upon information and belief, Plaintiff brings claims for alleged discrimination and retaliation under Title VII.

### II.  Removal Procedures and Venue

2. The Petition was served on Alvis on July 12, 2021, and this Notice of Removal is timely filed within thirty (30) days of service pursuant to 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action are attached to this Notice of Removal, including: the Civil Complaint and USPS Certified Mail Receipt (Exhibit A).

4. Pursuant to U.S.C. § 1446(d), Alvis will promptly file copies of the Notice of Removal with the Court of Common Pleas, Allen County, in Lima, Ohio.

5. Venue for this Removal Action is proper in U.S. District Court for the Northern District of Ohio, Western Division, because this district includes Allen County, where the state court action is pending. 28 U.S.C. § 110.

### III. Basis for Removal

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, and it may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) because Plaintiff has asserted claims over which this Court has original jurisdiction.

**A.  Federal Question Jurisdiction.**

7. Plaintiff's Complaint (Exhibit A) is vague as to the causes of action under which Plaintiff files her race, gender, and religion-based discrimination and retaliation claims. Notably, it does not contain any references to the specific statutory provisions upon which Plaintiff bases her claims or to any effort on her part to exhaust administrative remedies via the U.S. Equal Employment Opportunity Commission ("EEOC").

8. In an effort to obtain further clarity, on August 11, 2021, Defense counsel contacted Plaintiff's counsel Royce A. Link of Kerrigan, Boller and Link Co., LPA, to inquire as to the basis of Plaintiff's claims.

10. When asked to identify which statutes Plaintiff relied on to assert her claims, Link indicated that he required Defendant to file a motion for a more definitive statement rather than providing any clarity.

11. On the same call on August 11, 2020, Link disclosed that Plaintiff had filed an EEOC Charge and exhausted her administrative remedies. In fact, Link provided Defense counsel with a Right to Sue Notice issued by the EEOC (Exhibit B).

12. Although Link will not disclose it, upon information and belief, based on the fact that Plaintiff exhausted her administrative remedies consistent with Title VII, Plaintiff seeks relief under that statute, under which she can allege race, gender, and religion-based discrimination and retaliation claims.

13. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 as this case, upon information and belief, involves a civil action arising under the Constitution, laws, or treaties of the United States. Accordingly, Defendant may remove this case pursuant to 28 U.S.C. § 1441, provided that Plaintiff has stated a claim and further that Plaintiff has not caused any procedural defects to have been made.

14. Upon information and belief, the facts of the Complaint allege a cause of action under the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Therefore, the Complaint raises federal questions pursuant to 28 U.S.C. § 1331 because, upon information and belief, the Plaintiff seeks relief under Title VII.

15. The causes of action set forth in the Complaint do not constitute non-removable actions under 28 U.S.C. § 1445.

### IV. Conclusion

WHEREFORE, Alvis respectfully requests the above-captioned action now pending in the Court of Common Pleas, Allen County, in Lima, Ohio, be removed to the United States District Court for the Northern District of Ohio, Western Division, and that this Court assume full jurisdiction over the case as provided by law.

Respectfully submitted,

*/s/ Michael B. Mattingly*
DINSMORE & SHOHL LLP
Michael B. Mattingly (0089847)
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977.8200
Facsimile: (513) 977.8141
michael.mattingly@dinsmore.com

Dated: August 11, 2021                                    *Attorney for Alvis, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2021, a true and exact copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** was electronically filed with the Clerk of the District Court using the CM/ECF system and served upon counsel for Plaintiff via first-class mail, postage prepaid, at the following address:

Royce A. Link
Kerrigan, Boller & Link Co., LPA
126 N. Main Ave.
Sidney, OH 45365

*/s/ Michael B. Mattingly*
DINSMORE & SHOHL LLP
Michael B. Mattingly (0089847)
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977.8200
Facsimile: (513) 977.8141
michael.mattingly@dinsmore.com

*Attorney for Alvis, Inc.*

Dated: August 11, 2021

4